IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert L. Bates,                              :

        Petitioner                          :        Case No. 2:09-cv-00582

      v.                                         :        Judge Holschuh

Michael Sheets, Warden,                 :        Magistrate Judge Abel

        Respondent                        :

# Report and Recommendation

Petitioner Robert L. Bates, a prisoner at the Ross Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on June 23, 2003 Bates was convicted in the Court of Common Pleas for Franklin County, Ohio for one count of murder in violation of Ohio Revised Code § 2903.02, two firearm specifications in violation of Ohio Revised Code § 2941.146, and one count of displaying, brandishing, indicating possession of or using a firearm in the commission of an offense in violation of Ohio Revised Code § 2941.145. He was sentenced to consecutive terms of 15 years to life for the murder, 5 years for discharging a firearm while inside a motor vehicle, and 3 years for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense, for an aggregate term of 23 years to life imprisonment.

Petitioner Bates appealed his sentences on the firearm specifications. His sole argument on appeal was that the trial court should have merged the two firearm specifications before sentencing him. On August 10, 2004, the Ohio Court of Appeals for the Tenth Appellate District issued a decision affirming the consecutive sentences. *State v. Bates*, 2004 WL 1790068. Petitioner did not file an appeal to the Supreme Court of Ohio.

On July 23, 2007, petitioner filed a petition for postconviction relief under Ohio Revised Code §§ 2953.21, *et seq.* The Common Pleas Court subsequently issued a decision denying the postconviction petition as untimely. Bates appealed that decision to the Ohio Court of Appeals. On March 27, 2008, the Court of Appeals issued a decision affirming the Common Pleas Court's decision that the postconviction petition was untimely. *State v. Bates,* 2008 WL 802717. Petitioner filed a motion for leave to appeal to the Supreme Court of Ohio. The Supreme Court of Ohio denied petitioner's motion for leave to appeal. *State v. Bates,* 119 Ohio State 3d 1414 (2008).

Petitioner also filed a motion for new trial on February 3, 2005. That motion was denied November 8, 2005. The petition does not indicate that the decision was appealed. On July 23, 2007, Bates filed another motion for a new trial. It was denied August 9, 2007. The Ohio Court of Appeals considered the trial court's denial of the July 23, 2007 motion for a new trial in its March 27, 2008 decision affirming the trial court's denial of Bates' postconviction petition as untimely. It held that the motion for a new trial was also untimely. *State v. Bates,* 119 Ohio State 3d 1414 (2008).

Petitioner alleges that his convictions violated the United States Constitution because:

A.      Tyrone Thomas, a witness for the State, testified that the victim reached inside a window of the van Bates occupied while Bates was struggling with Tiara Thomas to prevent Thomas from using the firearm and that, as a result of the struggle, the victim was shot.

B.      There was insufficient evidence for the State to prove beyond a reasonable doubt that Bates committed murder.

C.      Bates has a letter in which a State witness admits that "she was much the blame of the victim's death."

The petition for writ of habeas corpus herein was filed July 7, 2009.  Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus.  The limitation period begins to run from the date the judgment became final by the conclusion of direct review.  28 U.S.C. §2244(d)(1)(A).[1]  Petitioner Bates was convicted June 23, 2003.  He filed a direct appeal,

---

[1] The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim.  28 U.S.C. §2244(d)(1)(B), (C) and (D).  None of those situations apply here.

Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending.  28 U.S.C. §2244(d)(2).  Petitioner's postconviction petition was untimely; consequently, it did not toll the running of the statute of limitations.

but he did not appeal the Ohio Court of Appeals' August 10, 2004 decision to the

Supreme Court of Ohio. His conviction became final 45 days later on September 24,

2004.[2] He had one year from the date his conviction became final by conclusion of

direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. §

2244(d)(1)(A). He failed to do so. Further, the petition fails to allege any extraordinary

circumstances, beyond petitioner's control, that made it impossible to file a petition on

time. See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISS-

ED for failure to file the petition within the one-year period of limitation created by 28

U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within

ten (10) days, file and serve on all parties a motion for reconsideration by the Court,

specifically designating this Report and Recommendation, and the part thereof in

question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b),

Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District

Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v.*

---

[2]

Rule II, § 2(A)(1) of the Rules of Practice of the Supreme Court of Ohio provides that a notice of appeal to the Supreme Court of Ohio must be filed within "45 days from the entry of the judgment being appealed."

*Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge