IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert L. Bates, :

    Petitioner : Case No. 2:09-cv-00582

v. : Judge Holschuh

Michael Sheets, Warden, : Magistrate Judge Abel

    Respondent :

# ORDER

Petitioner Robert L. Bates, a prisoner at the Ross Correctional Institution, brought this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Court on Magistrate Judge Abel's July 20, 2009 Report and Recommendation on Initial Screening under Rule 4, Rules Governing Section 2254 Cases in United States District Courts recommending that the petition be dismissed as barred by the one year statute of limitations for habeas corpus petitions. 28 U.S.C. §2244(d)(1)(A).

The July 20 Report and Recommendation fairly summarizes the procedural history:

> The petition alleges that on June 23, 2003 Bates was convicted in the Court of Common Pleas for Franklin County, Ohio for one count of murder in violation of Ohio Revised Code § 2903.02, two firearm specifications in violation of Ohio Revised Code § 2941.146, and one count of displaying, brandishing, indicating possession of or using a firearm in the commission of an offense in violation of Ohio Revised Code § 2941.145. He was sentenced to consecutive terms of 15 years to life for the murder, 5 years for discharging a firearm while inside a motor vehicle, and 3 years for displaying, brand-ishing, indicating possession of or using

a firearm in the commission of an offense, for an aggregate term of 23 years to life imprisonment.

Petitioner Bates appealed his sentences on the firearm specifications. His sole argument on appeal was that the trial court should have merged the two firearm specifications before sentencing him. On August 10, 2004, the Ohio Court of Appeals for the Tenth Appellate District issued a decision affirming the consecutive sentences. *State v. Bates*, 2004 WL 1790068. Petitioner did not file an appeal to the Supreme Court of Ohio.

On July 23, 2007, petitioner filed a petition for postconviction relief under Ohio Revised Code §§ 2953.21, *et seq.* The Common Pleas Court subsequently issued a decision denying the postconviction petition as untimely. Bates appealed that decision to the Ohio Court of Appeals. On March 27, 2008, the Court of Appeals issued a decision affirming the Common Pleas Court's decision that the postconviction petition was untimely. *State v. Bates*, 2008 WL 802717. Petitioner filed a motion for leave to appeal to the Supreme Court of Ohio. The Supreme Court of Ohio denied petitioner's motion for leave to appeal. *State v. Bates*, 119 Ohio State 3d 1414 (2008).

Petitioner also filed a motion for new trial on February 3, 2005. That motion was denied November 8, 2005. The petition does not indicate that the decision was appealed. On July 23, 2007, Bates filed another motion for a new trial. It was denied August 9, 2007. The Ohio Court of Appeals considered the trial court's denial of the July 23, 2007 motion for a new trial in its March 27, 2008 decision affirming the trial court's denial of Bates' postconviction petition as untimely. It held that the motion for a new trial was also untimely. *State v. Bates*, 119 Ohio State 3d 1414 (2008).

The petition alleges that Bates was convicted in violation of the United States Constitution because there was insufficient evidence to support the conviction. The petition was filed July 7, 2009. As the Report and Recommendation stated, 28 U.S.C. §2244(d)(1) establishes a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. That period begins to run from the date the judgment of conviction became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A). Bates was convicted June 23, 2003. He filed a direct appeal, but he did

not appeal the Ohio Court of Appeals' August 10, 2004 decision to the Supreme Court of Ohio. His conviction became final 45 days later on September 24, 2004. He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A), but he failed to do so.

Petitioner Bates argues that his federal habeas corpus petition was timely filed because he discovered new evidence that, if it had been presented at trial, could have resulted in a different verdict. He does not identify that evidence. He asserts that he presented his insufficiency of the evidence claim in his post-conviction petition.

However, the Ohio Court of Appeals held that the post-conviction action was properly dismissed because the evidence he relied on to support the petition was known to Bates and his lawyer before trial. *State of Ohio v. Bates,* above, 2008 WL 802717, ¶ 15. That fact determination and the resulting legal conclusion that his Ohio post-conviction petition was time-barred is binding on this Court. 28 U.S.C. § 2254(d) and (e). Accordingly, the Court upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B) concludes that the Magistrate Judge did not err in finding that this federal habeas corpus petition is barred by the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

Accordingly, petitioner Bates' August 7, 2009 objections to the July 20, 2009 Report and Recommendation on Initial Screening (doc. 9) are OVERRULED. Petitioner

Bates' July 7, 2009 motion to stay (doc. 2) is DENIED as MOOT. The Clerk of Court is

DIRECTED to enter JUDGMENT dismissing the habeas corpus petition as time barred.


Date: January 7, 2010 **/s/ John D. Holschuh**
John D. Holschuh
United States District Judge